UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


USA

    v.                                  Criminal No. 07-cr-180-01-SM

James Laurent

ORDER

Re: Document No. 18, Defendant's Motion to Compel Disclosure of Informants

Ruling:
Denied, but without prejudice to renewing, if warranted. Defendant has offered no explanation as to how the informant's identity may be relevant to or might assist in his defense. The government asserts that the evidence of defendant's commission of the charged offenses will come from an undercover police officer, who will testify about direct hand-to-hand sales made by defendant to the trooper, and audio recordings of some of the charged transactions. It might be conceivable that, as to two of the seven transactions involved, the informant's identity could be relevant and helpful to his defense, or essential to a fair determination in the case, but defendant does not make any plausible claim in that regard. The generalized claim made by defendant is not sufficient to overcome the government's privilege of non-disclosure, a privilege that serves to protect both the informant and the public's interest in encouraging citizens to provide law enforcement with important information related to the commission of crimes. Defendant has an obligation, which he has not met, to provide at least some explanation of how the informant might support any potential defense. The government seems to say that the informant will not testify, so defendant's claimed need to cross-examine the informant is not persuasive, nor is his suggestion that the informant "is certain to be a percipient witness." See Rovario v. United States, 353 U.S. 53 (1957); United States v. Lewis, 40 F.3d 1325 (1st Cir. 1994); United States v. Martinez, 922 F.2d 914 (1st Cir. 1991); United States v. Estrella, 567 F.2d 1151 (1st Cir. 1977)

                                              Steven J. McAuliffe
                                              Chief Judge

Date: February 8, 2008
cc: Counsel of Record